[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2010
JOHN LEY
CLERK

No. 09-14905
Non-Argument Calendar
_____

D. C. Docket No. 05-80163-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRISSELLE MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2010)

Before BLACK, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Grisselle Morales appeals her 24-month sentence, which was the statutory maximum, imposed upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  Morales challenges the procedural and substantive reasonableness of her sentence.

I.

We review "a district court's revocation of supervised release for an abuse of discretion."  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  "We review the sentence imposed upon the revocation of supervised release for reasonableness," id., and we use a two-step process.  See United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  First, we must " 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.' "  Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).  If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.  "[T]he party who

2

challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation marks and brackets omitted).

The district court sentenced Morales to 24-months imprisonment, the statutory maximum. She contends that the district court committed a procedural error by failing to explain why a shorter sentence was not sufficient to achieve the purposes of sentencing. See 18 U.S.C. § 3553(a). Morales has failed to show that her sentence was procedurally unreasonable. The district court was required to adequately explain the sentence it actually imposed—not explain why every other sentence it could have imposed was inadequate. See United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008) (noting that a procedural error occurs when a district court fails to "adequately explain the chosen sentence") (emphasis added). The district court explained that it was sentencing Morales to the statutory maximum because it had given her break after break, and she had failed to take advantage of any of them. Instead, Morales repeatedly violated the terms of her supervised release. That explanation was sufficient. We conclude that no procedural error occurred.

Morales also challenges the substantive reasonableness of her sentence. She

contends that her 24-month sentence was substantively unreasonable because of her personal history and characteristics. Moreover, she argues that her sentence was unreasonable because she violated the terms of her supervised release by committing Grade C violations. Because the sentencing guidelines do not require revocation of a defendant's supervised release for Grade C violations, she asserts that sentencing her to the statutory maximum was unreasonable. See U.S.S.G. § 7B1.3(a)(2) (stating that "[u]pon a finding of a Grade C violation, the court may (A) revoke probation or supervised release ; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision") (emphasis added). We cannot say that sentencing Morales to 24-months imprisonment was unreasonable based on the totality of the circumstances. Morales engaged in a pattern of non-compliant behavior while on supervised release and while awaiting sentencing. The district court gave due consideration to Morales' personal history and characteristics by recommending that she receive mental health and substance abuse treatment while in prison. Morales has failed to show that her sentence was substantively unreasonable. Accordingly, we affirm.

**AFFIRMED.**